IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

STANFORD T. ALLEN, JR.,

    Plaintiff,

v.                              CIVIL ACTION NO. 1:06-0597

DAVID BALLARD, Warden,

    Defendant.

## MEMORANDUM OPINION AND ORDER

    Pending before the court is plaintiff's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody.  By Standing Order, the action was referred to United States Magistrate Judge R. Clarke VanDervort for submission of findings of fact and recommendations regarding disposition pursuant to 28 U.S.C. § 636(b)(1)(B).  Magistrate Judge VanDervort submitted his Findings and Recommendation to the court on February 20, 2009, in which he recommended that this court grant defendants' consolidated response, motion to dismiss, and motion for summary judgment, deny plaintiff's motions to grant petition for writ of habeas corpus, dismiss plaintiff's petition under 28 U.S.C. § 2254, and remove the matter from the court's docket.

    In accordance with the provisions of 28 U.S.C. § 636(b), the parties were allotted ten days plus three mailing days in

which to file any objections to Magistrate Judge VanDervort's Findings and Recommendations.  On February 25, 2009, plaintiff filed objections to the Magistrate Judge's Findings and Recommendation.  On that same day, plaintiff also filed a "Supplemental Objection and Amendment to Petitioner's Objection to Magistrate Judge's Proposal [sic] Finding and Recommendation."

Pursuant to § 636(b)(1), a district court is required to conduct a de novo review of those portions of the magistrate judge's report to which a specific objection has been made.  The court need not conduct de novo review, however, "when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations."  Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982); see also Fed. R. Civ. P. 72(b) ("The district court to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule.").

In his filings (docs. # 46 and 47), plaintiff makes three arguments: 1) that when the court reviews the record it will conclude that plaintiff was innocent of the crime; 2) that the court should order the recusal of Magistrate Judge VanDervort

because he has a conflict of interest; and 3) that he was convicted under a counterfeit indictment.

The court notes that these objections are largely general and conclusory and, for the most part, fail to direct the court to a specific error in the PF&R. For this reason alone, they should be overruled pursuant to Orpiano. However, to the extent possible, the court has conducted a de novo review.

As to plaintiff's first objection,[1] the court notes that "federal habeas courts sit to ensure that individuals are not imprisoned in violation of the Constitution - not to correct errors of fact." Herrera v. Collins, 506 U.S. 390, 400 (1993) (holding that "claims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding"). Having reviewed the PF&R filed by Magistrate Judge VanDervort, the court is in agreement with the findings and conclusions outlined therein. Specifically, the court agrees with his conclusion that plaintiff is not entitled to habeas relief. To the extent that plaintiff's "innocence" objection goes to the sufficiency of the evidence used to convict him,

---

[1] In support of this objection, plaintiff states "that when this Court review[s] all of the petitioner [sic] record in full it will show that the petitioner was innocent of the crime." This is the extent of plaintiff's discussion of the issue.

3

plaintiff is reminded that he withdrew that ground for habeas relief.[2]  See PF&R at 2.  Accordingly, this objection is OVERRULED.

Plaintiff also argues that Magistrate Judge VanDervort has a conflict of interest requiring recusal.  To that end, plaintiff attached to his objections a copy of a newspaper article, dated May 16, 2007, describing the 11th Annual McDowell County Law Day Celebration.  According to the article, Magistrate Judge VanDervort was in attendance, as was Judge Booker T. Stephens, the judge presiding over plaintiff's criminal trial.  Plaintiff contends that he "can show prejudice in this case see attach Welch New Paper [sic] and that both the trial Judge and the Magistrate Judge has a conflict of interest and the record will prove that."  Objections at 1.

Under 28 U.S.C. § 144, a judge shall recuse himself in cases in which the party seeking recusal files a timely and sufficient affidavit stating the judge has a personal bias or prejudice against either the affiant or in favor of any adverse party.  The affidavit must allege a personal bias from an extrajudicial source.  See Sine v. Local No. 992 Int'l Brotherhood of Teamsters, 882 F.2d 913, 914 (4th Cir. 1989).

---

[2] Plaintiff withdrew this ground because it had never been presented to the West Virginia Supreme Court of Appeals.

Under 28 U.S.C. § 455, recusal is appropriate "if a person with knowledge of the relevant facts might reasonably question [a judge's] impartiality." United States v. Cherry, 330 F.3d 658, 665 (4th Cir. 2003). On appeal, recusal decisions are reviewed under an abuse of discretion standard. United States v. Carmichael, 726 F.2d 158, 162 (4th Cir. 1984).

Recusal is not warranted under either statute.[3] Based on the evidence of record, no person with knowledge of the relevant facts could "reasonably" question Magistrate Judge VanDervort's impartiality in this matter. The newspaper article submitted by plaintiff does nothing to advance his argument that Magistrate Judge VanDervort is biased or has a conflict of interest. Based on the foregoing, this objection is also OVERRULED.

Plaintiff's final objection goes to the indictment. At various points, plaintiff refers to the indictment as "invalid" and "counterfeit." In his initial filings with the court, plaintiff attached a copy of the indictment consisting of two pages and some argument regarding the lack of signature(s) on the indictment. Even assuming an unsigned indictment could provide a basis for federal habeas relief (and the court does not believe

---

[3] Defendant has not complied with the procedural requirements under 28 U.S.C. § 144. However, even if he had done so, recusal would still not be warranted.

5

it can),[4] the indictment in this case appears to be in order. Although the indictment offered by plaintiff with his objections is not signed by the foreman of the grand jury, the indictment on file with the Clerk of the Circuit Court of McDowell County consists of three pages and the signature of the grand jury foreman is on page 3 and attested to by the prosecuting attorney. Accordingly, this objection is without merit and it is OVERRULED.

For the foregoing reasons, the court adopts the Findings and Recommendations of Magistrate Judge VanDervort, **GRANTS** defendants' consolidated response, motion to dismiss, and motion for summary judgment, **DENIES** plaintiff's motions to grant petition for writ of habeas corupus, **DISMISSES** plaintiff's petition under 28 U.S.C. § 2254, and directs the Clerk to remove the matter from the court's docket.

---

[4] See Mira v. Marshall, 806 F.2d 636, 639 (6th Cir. 1986) ("An indictment which fairly but imperfectly informs the accused of the offense for which he is to be tried does not give rise to a constitutional issue cognizable in habeas proceedings. . . Any other deficiencies in the indictment alleged by petitioner are solely matters of state law and so [are] not cognizable in a federal habeas proceeding."); Whaley v. Graham, 2008 WL 4693318, *8 (E.D.N.Y. 2008) ("As a threshold matter, the form of a grand jury indictment is statutorily created, . . . and such alleged defects [missing signatures of grand jury foreperson and District Attorney] in a state grand jury proceeding cannot provide grounds for habeas relief."); Williams v. State of Maryland, 375 F. Supp. 745, 753 (D. Md. 1974) (federal habeas corpus petitioner's contention that his indictment should have been dismissed because it was not signed by foreman or any other member of grand jury presented no federal constitutional issue).

The Clerk is directed to send copies of this Memorandum Opinion and Order to counsel of record and to plaintiff, pro se.

IT IS SO ORDERED this 11th day of March, 2009.

ENTER:

David A. Faber
Senior United States District Judge